UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-2990 PA (PDx) | | Date | June 2, 2026 |
|---|---|---|---|---|
| Title | Wilmer Yovany Acevedo Gil v. Gene Borchardt, et al | | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         IN CHAMBERS — COURT ORDER

Before the Court is an Emergency Motion for a Temporary Restraining Order ("TRO Motion") filed by petitioner Wilmer Yovany Acevedo Gil ("Petitioner"), appearing pro se (Docket No. 2). Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on June 1, 2026. The Petition names as respondents Gene Borchardt, Warden Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; Field Office Director ERO, Los Angeles Field Office ICE; Todd M. Lyons Acting Director, ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States (collectively "Respondents"). Petitioner's TRO Motion seeks a bond hearing or in the alternative, Petitioner's immediate release from ICE detention.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05. (Docket No. 4.) Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office issued the Notice of General Order on June 1, 2026, and Petitioner's Reply due no later than 14 days after the Answer is served. This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at pp. 1, 3.) The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule." (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order. Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-2990 PA (PDx) | Date | June 2, 2026 |
|---|---|---|---|
| Title | Wilmer Yovany Acevedo Gil v. Gene Borchardt, et al | | |

absence of preliminary relief"). The Court therefore denies the TRO Motion. Proceedings on the merits of the Petition continue to be referred to the assigned Magistrate Judge.

IT IS SO ORDERED.